IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYRONE D. TYNER,

    *Plaintiff,*

vs.

PROBASCO LAW, P.A.,

    *Defendant.*

Case No. 20-CV-02632-EFM

**MEMORANDUM AND ORDER**

Before the Court is Defendant Probasco Law's Motion to Strike (Doc. 78). On February 28, 2022, Plaintiff Tyrone Tyner filed a "Notice Pursuant to Fed. R. Civ. P. 32(a)(1)(A)." This was meant to notify Defendant of two depositions Plaintiff had scheduled in a different but somewhat related action in Kansas state court, and to give Defendant's counsel an opportunity to attend. Defendant argues this notice allows Plaintiff to circumvent the Court's discovery deadlines and Pretrial Order in the instant case, and asks the Court to strike the Notice. Plaintiff responds that the Notice was proper, and that Defendant's concerns are more properly raised through a

motion in limine or an objection at trial.[1]  The Court agrees that Defendant's concerns are not yet ripe for the review, and therefore denies Defendant's Motion to Strike.

## I.    Factual and Procedural Background

This is an action by Plaintiff alleging violations of the Fair Debt Collection Practices Act and the Kansas Consumer Protection Act.  Though the allegations are varied, they generally concern a hospital lien that Defendant filed on behalf of its client, the University of Kansas Hospital Authority ("UKHA"), reportedly to protect UKHA's interests in any proceeds of claims Plaintiff might receive incident to injuries sustained in a motorcycle accident, for which he received care in UKHA facilities.

Plaintiff currently is involved in another lawsuit—this one directly with UKHA—regarding amounts owed for the care he received after the accident.  That case is currently pending in the District Court of Wyandotte County, Kansas.  On April 13, 2022, Plaintiff is scheduled to take the depositions of two UKHA employees, David Geiss and Marvin Mickelson, as part of that case.

The period for discovery in the instant case closed on October 15, 2021.  During discovery, Defendant listed Mr. Geiss as a person who may have knowledge of discoverable information in its Initial Rule 26 disclosure.  Defendant listed both Mr. Geiss and Mr. Mickelson as persons who may have knowledge of discoverable information in its Supplemental Rule 26 disclosure.  Plaintiff did not take the deposition of either individual during the period for discovery in this case.

---

[1] The Court notes that, though parties who file motions with the Court are generally entitled to reply to the opposing party's response, the Court's order in this instance comes before Defendant's reply.  This is because the April 13 depositions in question are fast approaching, and the Court hopes to provide both parties with clarity on this issue in advance of that deadline.

On February 28, 2022, Plaintiff filed a Notice of the above referenced depositions in the instant case. He did so to "invite[]" the Defendant "to attend and/or be represented at these depositions." Plaintiff further notified Defendant that he may use these depositions to impeach Mr. Geiss's testimony at trial. He also left open the possibility that he may use Mr. Geiss's deposition testimony during summary judgment to the extent it differs from his declaration, which Defendant submitted as part of its Motion for Summary Judgment.[2]

Defendant, perturbed by Plaintiff's purported plans with the forthcoming deposition testimony, asks the Court to strike the Notice.

## II.     Analysis

Let us begin with an obvious point. Discovery has closed in this case. The Court's Pretrial Order provides that "discovery may be conducted beyond the deadline for completion of discovery if all parties are in agreement to do so . . . ." Defendant obviously does not agree in this instance. So the depositions at issue may not be used for the purposes of discovery in this case.

Now to the less obvious. Plaintiff has suggested that he *may* attempt to use the depositions for impeachment purposes at summary judgment or at trial. These two purposes, however, only exist in the realm of possibility at this point. Plaintiff has not yet taken the depositions, and thus has not attempted to use them for any purpose. Nor has he made any concrete indication whether he will attempt to use the depositions to supplement his Motion for Summary Judgment, or at trial. Thus, Defendant asks the Court to strike Plaintiff's Notice and preemptively cut off Plaintiff's ability to use those depositions in this case.[3] The Court is not inclined to do so, at least not based

---

[2] Both Plaintiff and Defendant have Motions for Summary Judgment pending before this Court. Those motions are both fully briefed and await the Court's ruling.

[3] Fed. R. Civ. P 32(a) requires, as a prerequisite to the use of a deposition at a hearing or trial, that the party against whom the deposition will be used "was present or represented at the taking of the deposition or had reasonable

on a hypothetical situation that may not even come to pass, to which it would be difficult or impossible to apply the Federal Rules at this time.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. 78) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 6th day of April, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

notice of it." It seems then, if the Court were to strike the Notice in question, that Defendant would argue it did not have proper notice of the depositions and therefore they cannot be used under the rule.