IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYRONE D. TYNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-02632-EFM |
| | ) |
| PROBASCO LAW, P.A., | ) |
| | ) |
| Defendant. | ) |

## MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT

Plaintiff Tyrone Tyner moves to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or, alternatively, for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(1), (2), (3), and (6).

First, in its briefing on the cross-motions for summary judgment, Defendant submitted—and the court relied upon—false evidence. Second, in dismissing Plaintiff's claim under the Kansas consumer protection act, the Court erred considering only whether Defendant had *actual knowledge*, without analyzing the alternative (lesser) standard of whether Defendant had *reason to know*.[1] Either of these issues is enough, alone, to merit altering or amending the judgment or granting Plaintiff relief from the judgment.

---

[1] At this time Plaintiff does not seek to alter or amend the judgment with respect to his Fair Debt Collection Practices Act claims but preserves his arguments as to those claims for possible appeal.

1

## BACKGROUND

On November 23, 2021, the parties filed cross-motions for summary judgment.[2] On December 21, 2021, Defendant submitted its brief in opposition to Plaintiff's motion for summary judgment.[3] Attached as an exhibit to that brief, Defendant supplied a Declaration executed by non-party David Geiss.[4] Defendant also made several references to Mr. Geiss' declaration in its reply in support of its own motion for summary judgment.[5]

On January 10, 2022, Plaintiff filed his reply in support of his motion for summary judgment. Plaintiff's reply brief asked the Court to disregard paragraphs 3 through 10 of Mr. Geiss' declaration because they are not based on personal knowledge, they contained legal conclusions, and/or are conclusory and self-serving.[6]

On May 12, 2022, the Court entered its order, granting summary judgment in favor of Defendant, on May 12, 2022.[7] With respect to the Geiss declaration, the Court concluded that his testimony—including the two paragraphs, 7 and 10, upon which the Court explicitly relied—"would reasonably be within the realm of his personal knowledge, as would the entity's policies regarding the use of hospital liens to collect from persons liable to injured patients" owing to Geiss' role as a Patient Accounting Representative II for the University of Kansas Hospital Authority.[8]

---

[2] ECF No. 53, 54, 57, 62.
[3] ECF No. 67.
[4] ECF No. 67-1.
[5] *E.g.*, ECF No. 72 at 6, 12 (DSUF 25-26), 25 (PSUF 57, incorporating DSUAF 7-9 by reference), 55.
[6] ECF No. 71 at 4.
[7] ECF No. 81.
[8] ECF No. 81 at 10.

After giving abundant notice to Defendant of the date, time, and location, Plaintiff deposed David Geiss on May 19, 2022 in a related matter, *The University of Kansas Hospital Authority d/b/a University of Kansas Health System v. Tyrone D. Tyner*, Case No. 2019-cv-000919 (Wyandotte County, Kansas).[9] Defendant and its counsel chose not to attend.[10] During his deposition, Mr. Geiss admitted that the key paragraphs of his Declaration[11] relevant to this issue *were not within his personal knowledge*. Mr. Geiss also testified that he believed the declaration was drafted and sent to him by **Defendant** (specifically, Lou Probasco) and that he had never heard of nor spoken with Defendant's counsel. Thus, discovery to determine the provenance of this false declaration is proper.

Additionally, in granting summary judgment for Defendant on Plaintiff's KCPA claim, the Court analyzed what constitutes a "willful act".[12] The Court did not, however, analyze whether Defendant had reason to know.[13] As this is an alternative, lesser, standard for a KCPA violation, Plaintiff need not have proven knowledge or willfulness for all of his KCPA claims, resulting in clear error.

Plaintiff now asks that the judgment be altered, amended, and/or set aside.

## **LEGAL STANDARD**

Whether to alter or amend a judgment under Fed. R. Civ. P. 59(e) is discretionary,

---

[9] Declaration of Mark W. Schmitz.
[10] Declaration of Mark W. Schmitz.
[11] *See* ECF No. 81 at 10 n. 24 (citing paragraphs 7 and 10 of Geiss Declaration).
[12] ECF No. 81 at 9.
[13] *See generally* ECF No. 81; *cf.* K.S.A. 50-626(b)(8) ("falsely stating, knowingly ***or with reason to know***, that a consumer transaction involves consumer rights, remedies, or obligations" (emphasis added)).

3

and typically is only proper if the moving party "presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment. In other words, 'a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.' Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs."[14]

Relief under Fed. R. Civ. P. 60(b) is also discretionary,[15] and is appropriate when there is (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party; or (4) any other reason that justifies relief.[16]

## ARGUMENT

**I. Newly discovered evidence makes clear that the Geiss Declaration was false.**

**1. The Geiss Declaration contained false testimony upon which the Court relied in ruling on the parties cross-motions for summary judgment.**

In opposing Plaintiff's Motion for Summary Judgment, Defendant submitted the declaration of David Geiss.[17] Defendant incorporated that declaration into its own motion

---

[14] *Heavy Petroleum Partners, LLC v. Atkins*, No. 09-1077, 2013 WL 5876423, at *1 (D. Kan. Oct. 31, 2013) (citations omitted) (Melgren, J.); *see also Edwards v. Monumental Life Ins. Co.*, No. 10-2299, 2012 WL 859607, at *1 (D. Kan. Mar. 13, 2012) (Melgren, J.).
[15] *Rajala v. Gardner*, No. 09-2482, 2014 WL 6865712, at *1 (D. Kan. Dec. 3, 2014) (Melgren, J.)
[16] Fed. R. Civ. P. 60(b)(1-3), (6).
[17] ECF No. 67-1.

4

via its reply.[18] That declaration included the following statements upon which the Court relied in ruling on the cross-motions for summary judgment:[19]

- Mr. Geiss claimed to have personal knowledge of the statements in his Declaration;

- Mr. Geiss claimed that, in October 2018, self-pay discounts were not the result of contracts between the Hospital and a patient. Mr. Geiss further claimed that if a third-party may be liable to the patient, the self-pay discount does not apply, such as in the case of a motor vehicle accident; and,

- Mr. Geiss claimed that whenever a hospital lien is filed by the Hospital, the amount of the charges are not removed by the self-pay discount.

Those statements were false.

On May 19, 2022, David Geiss sat for his deposition in *The University of Kansas Hospital Authority d/b/a University of Kansas Health System v. Tyrone D. Tyner*, Case No. 2019-cv-000919 (Wyandotte County, Kansas). During that deposition, Mr. Geiss was provided a copy of his November 24, 2021 declaration and asked questions about it.[20] In discussing his November 2021 declaration, Mr. Geiss testified to the following facts:

- Mr. Geiss has not had any involvement in hospital liens with the Hospital[21] since July 2013—more than five years before the hospital lien at issue in this case;[22]

---

[18] *E.g.*, ECF No. 72 at 6, 12 (DSUF 25-26), 25 (PSUF 57, incorporating DSUAF 7-9 by reference), 55.
[19] ECF No. 67-1 at 1, 7, 10.
[20] Geiss Depo. at 42:25-43:8, Exhibit 6.
[21] In his Declaration, Mr. Geiss refers to the hospital as the University of Kansas Hospital Authority. *See generally* ECF No. 67-1. During the deposition, the hospital was referred to as the University of Kansas Health System. *See generally* Geiss Depo. Mr. Geiss testified that he considers the University of Kansas Hospital Authority and the University of Kansas Health System to be the same entity. Geiss Depo. at 51:1-17; *cf. id.* at 44:25-45:18. For simplicity, we therefore refer to it merely as "the Hospital."
[22] Geiss Depo. at 48:22-49:4.

- Mr. Geiss knows that since his last involvement with a hospital lien, the Hospital has changed its practices with respect to filing hospital liens;[23]

- Specifically, the Hospital now employs a third-party company, called MedData, to review third-party claims and "they [MedData] are the ones that do the filing of the liens";[24]

- Mr. Geiss does not know whether the Hospital takes self-pay discounts into account when taking out hospital liens;[25]

- Mr. Geiss does not know whether self-pay discounts are derived from a contract between the Hospital and the patient;[26] and,

- Mr. Geiss does not know what impact a third-party's potential liability could have on the self-pay discount given to a patient.[27]

Taken together, or independently, this sworn testimony by Mr. Geiss make plain that he does not—and therefore did not at the time of his Declaration—have personal knowledge of the facts contained in paragraphs 7 and 10 of his Declaration, upon which the Court relied.

### 2. Case-dispositive sanctions against Defendant are warranted.

"The submission of falsified evidence substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation."[28] "The prejudiced party is forced either to attempt independent corroboration of each submission, at substantial expense of time and money, or to accept the real possibility that those discovery documents submitted by the opposing party are

---

[23] Geiss Depo. at 49:5-9.
[24] Geiss Depo. at 49:10-15.
[25] Geiss Depo. at 50:4-8.
[26] Geiss Depo. at 53:13-25; *see also id* at 54:2-5 (addressing objection).
[27] Geiss Depo. at 56:4-7; *see also id.* at 56:8-21.
[28] *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009)

6

inaccurate."²⁹ As Magistrate Judge O'Hara recently noted, when a party's violation has been found, "[l]ooking the other way isn't an option."³⁰ We are therefore left with the question of what to do.

When faced with similar circumstances, Courts routinely impose case-dispositive sanctions.³¹ This is especially true when the misconduct appears to have been that of the

---

²⁹ *Garcia*, 569 F.3d at 1180.

³⁰ *Marksberry v. FCA US LLC*, No. 19-2724, 2021 WL 2142655, at *11 (D. Kan. May 26, 2021) (O'Hara, M.J.), *rev. denied*, 2021 WL 5564910 (Melgren, J.).

³¹ *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179-82 (10th Cir. 2009) (affirming dismissal sanction for fabrication of evidence even though no warning was given; "Moreover, we note that the affirmative submission of false evidence is, at minimum, akin to a fraud on the court, which other courts have found may justify the sanction of dismissal.")); *LBDS Holding Co., LLC v. ISOL Tech. Inc.*, No. 11- 248, 2015 WL 12765990 (E.D. Tex. May 15, 2015) (vacating verdict and dismissing case with prejudice where plaintiff had submitted fabricated evidence at trial); *Vogel v. Tulaphorn, Inc.*, No. 13-464, 2013 WL 12166212, at *4 (C.D. Cal. Nov. 5, 2013) ("When a party falsifies evidence of central importance to a case, this shows bad faith, willfulness, or fault, and thus supports the Court's exercise of its inherent power to dismiss a case."); *Oliver v. Gramley*, 200 F.3d 465 (7th Cir. 1999) (dismissal for submission of false document; no lesser sanction sufficient for intentional fraud that "would if undetected destroy a legitimate and dispositive defense"); *Kojis v. Equifax Credit Inf. Servs..*, 02 C 8428, 2004 WL 1005664, 2004 U.S. Dist. LEXIS 7948 (N.D. Ill., May 6, 2004), *adopted*, 2004 U.S. Dist. LEXIS 19559 (N.D. Ill., Sept. 27, 2004) (case dismissed where key document was fake; "the court system has 'zero tolerance for parties who seek to intentionally distort the discovery and trial process"); *Dotson v. Bravo*, 202 F.R.D. 559 (N.D. Ill. 2001), *aff'd*, 321 F.3d 663 (7th Cir. 2003) (dismissal for false testimony); *Moates v. Rademacher*, 86 F.3d 13 (2nd Cir. 1996); *Pope v. Federal Express Corp.*, 49 F.3d 1327 (8th Cir. 1995) (dismissal for falsification of document); *Rockdale Mgmt. Co. v. Shawmut Bank*, 638 N.E.2d 29, 31-32 (Mass. 1994) (dismissal appropriate for creation of false evidence); *Sun World, Inc. v. Lizarazu Olivarria*, 144 F.R.D. 384, 390-91 (E.D. Cal. 1992) (default judgment warranted where defendant offered forged document "which, if genuine, would have directed the outcome of this litigation"); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486 (9th Cir. 1991) (dismissal imposed for false deposition testimony); *Young v. Johnny Ribiero Building*, 878 P.2d 777, 778-782 (Nev. 1990) (dismissal appropriate for fabrication of evidence); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118-1122 (1st Cir. 1989) (dismissal proper sanction for manufacture of false evidence); *Prof. Seminar Consultants, Inc. v. Sino American Tech. Exch. Council, Inc.*, 727 F.2d 1470 (9th Cir. 1984) (default judgment for falsifying photocopies of checks); *United States Brewing Co. v.*

client, not the attorney. While we do not presently know the precise provenance of the false declaration, Mr. Geiss' testimony indicates that it was drafted by Defendant, and not Defendant's counsel:

- The declaration was "probably" drafted by Lou Probasco's office;[32]

- Mr. Geiss believed the declaration was provided to him by Lou Probasco's office;[33]

- Mr. Geiss had never heard of nor spoken with Defendant's counsel; and,[34]

- Mr. Geiss had no input into the wording of the declaration.[35]

Whatever sanction the Court chooses to levy, it is clear that the judgment should be altered or amended, or, in the alternative, Plaintiff should be given relief from the judgment. Without the Geiss declaration, there is a dispute of material fact concerning whether Defendant acted willfully and knowingly, making summary judgment improper as to Plaintiff's KCPA claims.

**II.     The Court erred by not considering whether Defendant had reason to know that the consumer transaction involved consumer rights, remedies, or obligations.**

As the Court correctly recognized, Plaintiff has asserted Defendant violated the Kansas consumer protection act by, "the willful use, in any oral or written representation,

---

*Ruddy*, 203 Ill. 306, 309, 67 N.E. 799 (1903) ("[I]t may be shown that a party has destroyed or suppressed material evidence or has fabricated such evidence, because it is in the nature of and implies an admission that he has no right to recover if the case was tried on the evidence in the case as it exists; that it is not sufficient to recover unless aided by suppressing evidence or the fabrication of more evidence.").

[32] Geiss Depo. at 43:9-11.
[33] Geiss Depo. at 43:12-15.
[34] Geiss Depo. at 52:20-25.
[35] Geiss Depo. at 43:16-18.

of exaggeration, falsehood, innuendo or ambiguity as to a material fact" and by "falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer rights, remedies or obligations."[36] However, the Court committed clear error by not considering—as to the second of these alleged violations—whether Defendant had "reason to know."[37] Specifically, in its conclusion, the Court held that Plaintiff's evidence was not "sufficient for a reasonable jury to conclude Defendant *willfully or knowingly* misled Plaintiff. … Plaintiff has provided no evidence of Defendant's *willfulness* under subsection (b)(2) and no evidence of Defendant's *knowledge* under (b)(8)."[38]

Even if the Court does not believe Plaintiff's evidence was sufficient to show "that Defendant *knew* the self-pay discount properly applied and still chose to disregard it when calculating the amount of the lien,"[39] there is ample evidence for a reasonable jury to conclude Defendant had *reason to know* that the self-pay discount properly applied with respect to calculating the amount of the lien. Importantly, whether a party "has reason to know" is generally "a jury question."[40] This is especially true where, as here, the jury will have to decide what inferences must be drawn from the evidence.

---

[36] ECF No. 81 at 8-9.
[37] ECF No. 81 at 9-11.
[38] ECF No. 81 at 11 (emphasis added).
[39] ECF No. 81 at 11 (emphasis in original).
[40] *Obermeyer Hydro Accessories, Inc. v. CSI Calendaring, Inc.*, 852 F.3d 1008, 1018 (10th Cir. 2017) ("But whether Obermeyer had 'reason to know' is … a jury question. Reasonable people can disagree on whether Obermeyer was negligent in not detecting the pricing change sooner."); *see also Herrera v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 2022 WL 715151, at *24 (D. N.M. Mar. 10, 2022) ("The question of when plaintiff knew or had reason to know of the alleged abuse and its impact is a question for the jury to decide." (quotations and citations omitted)).

For example, before Defendant filed the hospital lien, it was provided ledgers indicating that the current balance of the accounts was only about $8,000.[41] Reasonable people could disagree on whether Defendant should have known the amount of the hospital lien was wrong—after all, the amount Defendant used for the hospital lien was more than *three times* the amount that even the hospital claimed to be owed on the account.

### III. Conclusion.

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment and/or his alternative motion for relief from the judgment should be granted.

Respectfully submitted,

*/s/ Mark W. Schmitz*
Bryce B. Bell         KS#20866
Mark W. Schmitz       KS#27538
Jenilee V. Zentrich   KS#29098
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
JZ@BellLawKC.com
*Attorneys for Plaintiff*

---

[41] ECF No. 67 at 9 (PSUF 46); ECF No. 64 at 14 (PSUF 48).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Court's CM/ECF e-Filing system on June 9, 2022, and thereby served upon all attorneys of record.

*/s/ Mark W. Schmitz*
