IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYRONE D. TYNER,

    *Plaintiff,*

vs.

    Case No. 20-2632-EFM

PROBASCO LAW, P.A.,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Tyrone D. Tyner's Motion to Alter or Amend Judgment or, in the alternative, for Relief from Judgment (Doc. 83). Plaintiff takes issue with several aspects of the Court's recent Memorandum and Order granting Defendant's Motion for Summary Judgment. Because relief under either Rule 59(e) or Rule 60(b) is not warranted, the Court denies Plaintiff's Motion.

**I.    Factual and Procedural Background**

This is an action by Plaintiff seeking redress for perceived violations of the Kansas Consumer Protection Act and the Fair Debt Collection Practices Act. He alleged that Defendant Probasco Law violated these statutes when it sent him a notice of a hospital lien it had filed on

behalf of its client, and an accompanying memorandum. The Court granted summary judgment in favor of Defendant on both claims.

Plaintiff now seeks reconsideration of this decision under either Rule 59(e) or 60(b). He contends that the Court erred by not addressing part of the relevant statute, and that Defendant fraudulently offered a false affidavit that the Court relied on in its decision.

## II.  Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment. The Court may grant a Rule 59(e) motion when it "has misapprehended the facts, a party's position, or the controlling law."[1] Rule 59(e) is not an appropriate vehicle for revisiting issues already considered or arguing matters "that could have been raised in prior briefing."[2]

Plaintiff also moves for relief under Rule 60(b)(1), (2), (3), and (6), which allow relief from a final judgment in circumstances involving "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud[,] . . . misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." Relief under Rule 60(b) is discretionary.[3] A party may not use a Rule 60(b) motion to revisit the same issues already addressed and dismissed by the court or to introduce new arguments or supporting facts that were

---

[1] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[2] *Id.* (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[3] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

available when the party briefed the original motion.[4]  Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."[5]  A party seeking relief under Rule 60(b) must overcome a high hurdle "because such a motion is not a substitute for an appeal."[6]

### III.    Analysis

Plaintiff's requested relief is not warranted under either Rule 59(e) or Rule 60(b).  He first requests relief on the basis of Defendant's alleged fraud in providing the declaration of David Geiss.  He notes that the Geiss declaration made several claims, reportedly based on Geiss' personal knowledge, that he later reported were outside of his personal knowledge during a deposition in a different case.  But even if the Court were to have disregarded the entire declaration, it still would have concluded that Plaintiff had failed to meet his burden of proof with respect to Defendant's knowledge that the dollar figure it included on the communications was incorrect.  The exclusion of the Geiss declaration does not supply the affirmative evidence of Defendant's knowledge that Plaintiff lacked.  Thus, relief from the final judgment is not warranted on that ground.

Plaintiff next contends that the Court erred in failing to consider whether, under the KCPA, Defendant had "reason to know" the amount it reported in the notice and letter was incorrect.[7]  The Court would have considered this argument had Plaintiff made it in his briefing, but he failed to do so.

---

[4] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Beugler*, 490 F.3d at 1229 (quoting *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000)).

[6] *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quotation omitted).

[7] *See* K.S.A. § 50-626(b)(8).

Plaintiff notes that he recited the relevant statutory language in his brief. However, he fails to note that he made no attempt to argue that the evidence before the Court met that standard. He chose instead to focus his arguments on another part of the statutory language, that the evidence showed Defendant knew the amount it listed on the notice and letter was incorrect. Plaintiff was certainly entitled to focus his attention on that piece of the statute, but he cannot now blame the Court for failing to construct an argument as to the remaining language on his behalf. Nor can Plaintiff make that argument on this motion, as neither Rule 59(e) nor Rule 60(b) permits the consideration of matters that could have been raised in prior briefing.[8] Accordingly, the Court did not err in failing to consider whether Defendant had "reason to know" the amount it listed on the notice and letter was false.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend or, in the Alternative, for Relief from Judgment (Doc. 83) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 18th day of July, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012); *Van Skiver*, 952 F.2d at 1243.